# Criminal Justice Act Plan
# Northern District of Mississippi

I.     **Authority** ............................................................................................. 4

II.    **Statement of Policy** ........................................................................... 4

     A.    Objectives ................................................................................ 4

     B.    Compliance .............................................................................. 4

III.   **Definitions** ......................................................................................... 5

     A.    Representation ......................................................................... 5

     B.    Appointed Attorney ................................................................. 5

     C.    CJA Administrator .................................................................... 5

IV.   **Determination of Eligibility for CJA Representation** ....................... 5

     A.    Subject Matter Eligibility .......................................................... 5

         1.    Mandatory ...................................................................... 5

         2.    Discretionary .................................................................. 6

         3.    Ancillary Matters ............................................................ 7

     B.    Financial Eligibility .................................................................. 8

         1.    Presentation of Accused for Financial Eligibility Determination ....... 8

         2.    Factual Determination of Financial Eligibility ................... 9

V.     **Timely Appointment of Counsel** ..................................................... 11

     A.    Timing of Appointment .......................................................... 11

     B.    Court's Responsibility ........................................................... 11

     C.    Pretrial Service Interview ...................................................... 11

     D.    Retroactive Appointment of Counsel .................................... 11

VI.   **Provision of Representational Services** .......................................... 12

     A.    Federal Public Defender and Private Counsel ....................... 12

     B.    Administration ....................................................................... 12

     C.    Apportionment of Cases ....................................................... 12

     D.    Number of Counsel ............................................................... 12

     E.    Capital Cases ....................................................................... 12

VII.   **Federal Public Defender Organization** ........................................... 12

     A.    Establishment ....................................................................... 12

|      | B. | Standards ........................................................................... | 12 |
|      | C. | Workload............................................................................ | 13 |
|      | D. | Professional Conduct......................................................... | 13 |
|      | E. | Private Practice of Law ...................................................... | 13 |
|      | F. | Supervision of Defender Organization ................................ | 13 |
|      | G. | Training.............................................................................. | 13 |
| **VIII.** | | **CJA Panel of Private Attorneys**........................................ | **14** |
|      | A. | Establishment of the CJA Panel Committee ........................ | 14 |
|      | B. | Duties of the CJA Committee.............................................. | 14 |
| **IX.** | | **Establishment of a CJA Panel**........................................... | **16** |
|      | A. | Approval of CJA Panel ....................................................... | 16 |
|      | B. | Size of CJA Panel .............................................................. | 16 |
|      | C. | Qualifications and Membership on the CJA Panel................ | 16 |
|      |    | 1. Application .................................................................. | 16 |
|      |    | 2. Equal Opportunity ...................................................... | 16 |
|      |    | 3. Eligibility .................................................................... | 17 |
|      |    | 4. Appointment to CJA Panel ......................................... | 17 |
|      |    | 5. Terms of CJA Panel Members .................................... | 17 |
|      |    | 6. Reappointment of CJA Panel Members ....................... | 17 |
|      |    | 7. Removal from the CJA Panel ...................................... | 18 |
| **X.** | | **CJA Panel Attorney Appointment in Non-Capital Cases** ............................ | **18** |
|      | A. | Appointment List................................................................ | 18 |
|      | B. | Appointment Procedures .................................................... | 18 |
| **XI.** | | **Duties of CJA Panel Members**........................................... | **19** |
|      | A. | Standards and Professional Conduct .................................. | 19 |
|      | B. | Training and Continuing Legal Education ............................. | 20 |
|      | C. | Facilities and Technology Requirements ............................. | 20 |
|      | D. | Continuing Representation ................................................. | 20 |
|      | E. | Miscellaneous ................................................................... | 21 |
| **XII.** | | **Compensation of CJA Panel Attorneys**............................. | **21** |
|      | A. | Policy of the Court Regarding Compensation ...................... | 21 |
|      | B. | Payment Procedures .......................................................... | 21 |

**XIII.**    **Investigative, Expert, and Other Services** ...................................................... **22**

   A.    Financial Eligibility ..................................................................... 22

   B.    Applications ............................................................................... 22

   C.    Compliance................................................................................. 22

**XIV.**    **Appointment of Counsel and Case Management in CJA Capital Cases** ..... **23**

   A.    Applicable Legal Authority ......................................................... 23

   B.    General Applicability and Appointment of Counsel Requirements........... 23

   C.    Appointment of Trial Counsel in Federal Death-Eligible Cases .............. 25

      1.    General Requirements ................................................... 25

      2.    Qualifications of Learned Counsel ................................ 26

      3.    Qualifications of Second and Additional Counsel......................... 29

   D.    Appointment and Qualifications of Direct Appeal Counsel in Federal Death Penalty Cases............................................................................ 29

   E.    Appointment and Qualifications of Post-Conviction Counsel in Federal Death Penalty Cases (28 U.S.C. § 2255) ................................ 29

   F.    Appointment and Qualifications of Counsel in Federal Capital Habeas Corpus Proceedings (28 U.S.C. § 2254)................................. 30

**XV.**    **Effective Date**................................................................................... **31**

United States District Court
Northern District of Mississippi
Criminal Justice Act Plan

# I. Authority

Under the Criminal Justice Act (CJA) of 1964, as amended, 18 U.S.C. § 3006A, and *Guide to Judiciary Policy (Guide),* Volume 7A, the judges of the United States District Court for the Northern District of Mississippi adopt this Plan, as approved by the circuit, for furnishing representation in federal court for any person financially unable to obtain adequate representation in accordance with the CJA.

# II. Statement of Policy

A. Objectives

The objectives of this Plan are:

1. to attain the goal of equal justice under the law for all persons;

2. to provide all eligible persons with timely appointed counsel services that are consistent with the best practices of the legal profession, are cost-effective, and protect the independence of the defense function so that the rights of individual defendants are safeguarded and enforced; and

3. to particularize the requirements of the CJA, the USA Patriot Improvement and Reauthorization Act of 2005 (recodified at 18 U.S.C. § 3599), and *Guide,* Vol. 7A, in a way that meets the needs of this district.

This Plan must therefore be administered so that those accused of a crime, or otherwise eligible for services under the CJA, will not be deprived of the right to counsel, or any element of representation necessary to an effective defense, due to lack of financial resources.

B. Compliance

1. The court, its clerk, the federal public defender organization, attorneys provided by a bar association or legal aid agency, and private attorneys appointed under the CJA must comply with *Guide*, Vol. 7A, approved by the Judicial Conference of the United States or its Committee on Defender Services, and with this Plan.

2. The court will ensure that a current copy of the CJA Plan is made available on the court's website, and provided to CJA counsel upon the attorney's designation as a member of the CJA panel of private attorneys (CJA Panel).

## III. Definitions

A. Representation

"Representation" includes counsel and investigative, expert, and other services.

B. Appointed Attorney

"Appointed attorney" is an attorney designated to represent a financially eligible person under the CJA and this Plan. Such attorneys include private attorneys, the federal public defender and staff attorneys of the federal public defender organization, and attorneys provided by a bar association or legal aid agency.

C. CJA Administrator

"CJA Administrator" is a person designated by the federal public defender to administer the CJA Panel.

## IV. Determination of Eligibility for CJA Representation

A. Subject Matter Eligibility

1. Mandatory

Representation **must** be provided for any financially eligible person who:

a. is charged with a felony or with a Class A misdemeanor;

b. is a juvenile alleged to have committed an act of juvenile delinquency as defined in 18 U.S.C. § 5031;

c. is charged with a violation of probation, or faces a change of a term or condition of probation (unless the modification sought is favorable to the probationer and the government has not objected to the proposed change);

d.      is under arrest, when such representation is required by law;

e.      is entitled to appointment of counsel in parole proceedings;

f.      is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release;

g.      is subject to a mental condition hearing under 18 U.S.C. chapter 313;

h.      is in custody as a material witness;

i.      is seeking to set aside or vacate a death sentence under 28 U.S.C. § 2254 or § 2255;

j.      is entitled to appointment of counsel in verification of consent proceedings in connection with a transfer of an offender to or from the United States for the execution of a penal sentence under 18 U.S.C. § 4109;

k.      is entitled to appointment of counsel under the Sixth Amendment to the Constitution; or

l.      faces loss of liberty in a case and federal law requires the appointment of counsel.

2.      Discretionary

Whenever a district judge or magistrate judge determines that the interests of justice so require, representation **may** be provided for any financially eligible person who:

a.      is charged with a petty offense (Class B or C misdemeanor, or an infraction) for which a sentence to confinement is authorized;

b.      is seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 other than to set aside or vacate a death sentence;

c.      is charged with civil or criminal contempt and faces loss of liberty;

d.      has been called as a witness before a grand jury, a court, the Congress, or a federal agency or commission which has

the power to compel testimony, and there is reason to believe, either prior to or during testimony, that the witness could be subject to a criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty;

e.    has been advised by the United States attorney or a law enforcement officer that they are the target of a grand jury investigation;

f.    is proposed by the United States attorney for processing under a pretrial diversion program; or

g.    is held for international extradition under 18 U.S.C. chapter 209.

3.    Ancillary Matters

Representation may also be provided for financially eligible persons in ancillary matters appropriate to the proceedings under 18 U.S.C. § 3006A(c). In determining whether representation in an ancillary matter is appropriate to the proceedings, the court should consider whether such representation is reasonably necessary:

a.    to protect a constitutional right;

b.    to contribute in some significant way to the defense of the principal criminal charge;

c.    to aid in preparation for the trial or disposition of the principal criminal charge;

d.    to enforce the terms of a plea agreement in the principal criminal charge;

e.    to preserve the claim of the CJA client to an interest in real or personal property subject to civil forfeiture proceeding under 18 U.S.C. § 983, 19 U.S.C. § 1602, 21 U.S.C. § 881, or similar statutes, which property, if recovered by the client, may be considered for reimbursement under 18. U.S.C. § 3006A(f); or

f.    effectuate the return of real or personal property belonging to the CJA client, which may be subject to a motion for return of property under Fed. R. Crim. P. 41(g), which property, if

recovered by the client, may be considered for reimbursement under 18 U.S.C. § 3006A(f).

B.  Financial Eligibility

1.  Presentation of Accused for Financial Eligibility Determination

a.  Duties of Law Enforcement

(i)  Upon arrest, and where the defendant has not retained or waived counsel, federal law enforcement officials must promptly notify, telephonically or electronically, the appropriate court personnel, who in turn will notify the federal public defender of the arrest of an individual in connection with a federal criminal charge.

(ii)  Employees of law enforcement agencies should not participate in the completion of the financial affidavit or seek to obtain information concerning financial eligibility from a person requesting the appointment of counsel.

b.  Duties of United States Attorney's Office

(i)  Upon the return or unsealing of an indictment or the filing of a criminal information, and where the defendant has not retained or waived counsel, the United States attorney or their delegate will promptly notify, telephonically or electronically, appropriate court personnel, who in turn will notify the federal public defender.

(ii)  Upon issuance of a target letter, and where the individual has not retained or waived counsel, the United States attorney or their delegate must promptly notify, telephonically or electronically, the appropriate court personnel, who in turn will notify the federal public defender, unless the United States Attorney's Office is aware of an actual or potential conflict with the target and the federal public defender, in which case they must promptly notify the court.

(iii)  Employees of the United States Attorney's Office should not participate in the completion of the

financial affidavit or seek to obtain information concerning financial eligibility from a person requesting the appointment of counsel.

c. Duties of Federal Public Defender Office

   (i) In cases in which the federal public defender may be appointed, the office will:

   - immediately investigate and determine whether an actual or potential conflict exists; and

   - in the event of an actual or potential conflict, promptly notify the court to facilitate the timely appointment of other counsel.

   (ii) When practicable, the federal public defender will discuss with the person who indicates that he or she is not financially able to secure representation the right to appointed counsel and, if appointment of counsel seems likely, assist in the completion of a financial affidavit (Form CJA 23) and arrange to have the person promptly presented before a magistrate judge or district judge of this court for determination of financial eligibility and appointment of counsel.

d. Duties of Pretrial Services Office

   (i) When practicable, the pretrial services officer will not conduct the pretrial service interview of a financially eligible defendant until counsel has been appointed, unless the right to counsel is waived or the defendant otherwise consents to a pretrial service interview without counsel.

   (ii) When counsel has been appointed, the pretrial services officer will provide counsel notice and a reasonable opportunity to attend any interview of the defendant by the pretrial services officer prior to the initial pretrial release or detention hearing.

2. Factual Determination of Financial Eligibility

a. In every case where appointment of counsel is authorized under 18 U.S.C. § 3006A(a) and related statutes, the court

must advise the person that he or she has a right to be represented by counsel throughout the case and that, if so desired, counsel will be appointed to represent the person if he or she is financially unable to obtain counsel.

b.    The determination of eligibility for representation under the CJA is a judicial function to be performed by the court after making appropriate inquiries concerning the person's financial eligibility. Other employees of the court may be designated to obtain or verify the facts relevant to the financial eligibility determination.

c.    In determining whether a person is "financially unable to obtain counsel," consideration should be given to the cost of providing the person and his or her dependents with the necessities of life, the cost of securing pretrial release, asset encumbrance, and the likely cost of retained counsel.

d.    The initial determination of eligibility must be made without regard to the financial ability of the person's family to retain counsel unless their family indicates willingness and ability to do so promptly.

e.    Any doubts about a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time.

f.    Relevant information bearing on the person's financial eligibility should be reflected on a financial eligibility affidavit (Form CJA 23).

g.    If at any time after the appointment of counsel a judge finds that a person provided representation is financially able to obtain counsel or make partial payment for the representation, the judge may terminate the appointment of counsel or direct that any funds available to the defendant be paid as provided in 18 U.S.C. § 3006A(f).

h.    If at any stage of the proceedings a judge finds that a person is no longer financially able to pay retained counsel, counsel may be appointed in accordance with the general provisions set forth in this Plan.

## V.    Timely Appointment of Counsel

A.    Timing of Appointment

Counsel must be provided to eligible persons as soon as feasible in the following circumstances, whichever occurs earliest:

1.    after they are taken into custody;

2.    when they appear before a magistrate or district court judge;

3.    when they are formally charged or notified of charges if formal charges are sealed; or

4.    when a magistrate or district court judge otherwise considers appointment of counsel appropriate under the CJA and related statutes.

B.    Court's Responsibility

The court, in cooperation with the federal public defender and the United States attorney, will make such arrangements with federal, state, and local investigative and police agencies as will ensure timely appointment of counsel.

C.    Pretrial Service Interview

The Judicial Conference and district court recognize the importance of the advice of counsel for persons subject to proceedings under 18 U.S.C. § 3142 et seq.  Given the geographic size of the Northern District and availability of appointed counsel near each courthouse, the standard practice in the district is to determine the financial eligibility of each person immediately, without any discussion relating to the pending charge(s), in order to afford the pretrial services officer adequate time to interview the person and verify information prior to the bail hearing.

D.    Retroactive Appointment of Counsel

Appointment of counsel may be made retroactive to include representation provided prior to appointment.

# VI. Provision of Representational Services

A. Federal Public Defender and Private Counsel

This Plan provides for representational services by the federal public defender organization and for the appointment and compensation of private counsel from a CJA Panel list maintained by the federal public defender in cases authorized under the CJA and related statutes.

B. Administration

Administration of the CJA Panel, as set forth in this Plan, is hereby delegated and assigned to the federal public defender.

C. Apportionment of Cases

Where practical and cost effective, private attorneys from the CJA Panel will be appointed in a substantial proportion of the cases in which the accused is determined to be financially eligible for representation under the CJA. "Substantial" will usually be defined as a minimum of twenty-five percent (25%) of the annual CJA appointments.

D. Number of Counsel

More than one attorney may be appointed in any case determined by the court to be extremely difficult.

E. Capital Cases

Procedures for appointment of counsel in cases where the defendant is charged with a crime that may be punishable by death, or is seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. §§ 2254 or 2255, are set forth in section XIV of this Plan.

# VII. Federal Public Defender Organization

A. Establishment

The federal public defender organization is established in this district under the CJA and is responsible for rendering defense services on appointment throughout this district.

B. Standards

The federal public defender organization must provide high quality representation consistent with the best practices of the legal profession and commensurate with those services rendered when counsel is privately retained. See *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("'Once a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program.'" (quoting ABA Standards for Criminal Justice section 4-3.9 (2d ed. 1980))).

C.    Workload

The federal public defender organization will continually monitor the workloads of its staff to ensure high quality representation for all clients.

D.    Professional Conduct

The federal public defender organization must conform to the highest standards of professional conduct, including but not limited to the American Bar Association's Model Rules of Professional Conduct, Code of Conduct for Federal Public Defender Employees, and the Mississippi Rules of Professional Conduct.

E.    Private Practice of Law

Neither the federal public defender nor any defender employee may engage in the private practice of law except as authorized by the federal public defender Code of Conduct.

F.    Supervision of Defender Organization

The federal public defender will be responsible for the supervision and management of the federal public defender organization. Accordingly, the federal public defender will be appointed in all cases assigned to that organization for subsequent assignment to staff attorneys at the discretion of the federal public defender.

G.    Training

The federal public defender will assess the training needs of federal public defender staff and, in coordination with the CJA Panel Attorney District

Representative,[1] the training needs of the local panel attorneys, and provide training opportunities and other educational resources.

## VIII. CJA Panel of Private Attorneys

A. Establishment of the CJA Panel Committee

1. A CJA Panel Committee ("CJA Committee") will be established by the court in consultation with the federal public defender. The CJA Committee will consist of at least one district court judge, one magistrate judge, the federal public defender, the CJA Panel Attorney District Representative (PADR), a criminal defense attorney who practices regularly in the district who may be a CJA panel member, and an ex officio staff member employed by the federal public defender/clerk who will act as administrative coordinator.

2. The federal public defender or their representative, and the district's PADR are permanent members of the CJA Committee.

3. The CJA Committee will meet at least once a year and at any time the court asks the Committee to consider an issue.

B. Duties of the CJA Committee

1. Membership

Examine the qualifications of applicants for membership on the CJA Panel and recommend to the court the approval of those attorneys who are deemed qualified and the rejection of the applications of those attorneys deemed unqualified.

2. Recruitment

Engage in recruitment efforts to establish a diverse panel and ensure that all qualified attorneys are encouraged to participate in the furnishing of representation in CJA cases.

---

[1] The CJA Panel Attorney District Representative (PADR) is a member of the district's CJA Panel who is selected by the chief judge to serve as the representative of the district's CJA Panel for the national Defender Services CJA PADR program and local CJA committees.

Recruitment efforts to establish a diverse CJA Panel may include the following:

- notifying bar associations comprised of racially and ethnically diverse populations of the availability of panel membership;

- advertising in legal journals directed towards women, people with disabilities, and people of color to encourage panel membership;

- informal person-to-person recruiting of women, people of color, and the disabled community by CJA panel committee members and panel administrators; and

- contacting current or former members of the panel, or other prominent local attorneys who have disabilities or are minorities or women for recommendations of potential panel members.

3.    Annual Report

Review the operation and administration of the CJA Panel over the preceding year, and recommend any necessary or appropriate changes to the court concerning:

a.    the size of the CJA Panel;

b.    the recruitment of qualified and diverse attorneys as required and set forth in this plan; and

c.    recurring issues or difficulties encountered by panel members or their CJA clients.

4.    Removal

Recommend to the court the removal of any CJA panel member who:

a.    fails to satisfactorily fulfill the requirements of CJA panel membership during their term of service, including the failure to provide high quality representation to CJA clients, or

b.    has engaged in other conduct such that his or her continued service on the CJA Panel is inappropriate.

See also Section IX.C.7

5.    Training

Assist the federal public defender office in providing training for the CJA Panel on substantive and procedural legal matters affecting representation of CJA clients.

## IX.  Establishment of a CJA Panel

A.  Approval of CJA Panel

1.  The existing, previously established panel of attorneys who are eligible and willing to be appointed to provide representation under the CJA is hereby recognized.

2.  The court will approve attorneys for membership on the CJA Panel after receiving recommendations from the CJA Committee.

B.  Size of CJA Panel

1.  The size of the CJA Panel will be determined by the CJA Committee based on the caseload and activity of the panel members, subject to review by the court.

2.  The CJA Panel must be large enough to provide a sufficient number of experienced attorneys to handle the CJA caseload, yet small enough so that CJA panel members will receive an adequate number of appointments to maintain their proficiency in federal criminal defense work enabling them to provide high quality representation consistent with the best practices of the legal profession and commensurate with those services rendered when counsel is privately retained.

C.  Qualifications and Membership on the CJA Panel

1.  Application

Application forms for membership on the CJA Panel are available from the federal public defender and the court.

2.  Equal Opportunity

All qualified attorneys are encouraged to participate in the furnishing of representation in CJA cases.

3. Eligibility

    a.  Applicants for the CJA Panel must be members in good
        standing of the federal bar of this district and the Fifth Circuit
        Court of Appeals.

    b.  Applicants must maintain a primary, satellite, or shared office
        in this district.

    c.  Applicants must possess strong litigation skills and
        demonstrate proficiency with the federal sentencing
        guidelines, federal sentencing procedures, the Bail Reform
        Act, the Federal Rules of Criminal Procedure, and the
        Federal Rules of Evidence.

    d.  Applicants must have significant experience representing
        persons charged with serious criminal offenses and
        demonstrate a commitment to the defense of people who
        lack the financial means to hire an attorney.

    e.  Attorneys who do not possess the experience set forth
        above but believe they have equivalent other experience are
        encouraged to apply and set forth in writing the details of
        that experience for the CJA Committee's consideration.

4. Appointment to CJA Panel

    After considering the recommendations of the CJA Committee, the
    court will appoint or reappoint attorneys to the CJA Panel. Due to
    the highly complex and demanding nature of capital and habeas
    corpus cases, special procedures will be followed for the eligibility
    and appointment of counsel in such cases. See Section XIV of this
    Plan.

5. Terms of CJA Panel Members

    CJA Panel members will serve at the discretion of the court.

6. Reappointment of CJA Panel Members

    A former member of the CJA Panel who wishes to be considered
    for reappointment must apply for appointment. The CJA
    Committee will solicit input concerning the quality of representation
    provided by lawyers seeking reappointment. The CJA Committee
    will consider how many cases the CJA panel member has

previously accepted and declined, whether the member has participated in training opportunities, whether the member has been the subject of any complaints, and whether the member continues to meet the prerequisites and obligations of CJA panel members as set forth in this Plan.

7. Removal from the CJA Panel

   a. Mandatory removal

   Any member of the CJA Panel who is suspended or disbarred from the practice of law by the state court before whom such member is admitted, or who is suspended or disbarred from this court or any federal court, will be removed from the CJA Panel immediately.

   b. Automatic review

   The CJA Committee will conduct an automatic review of any CJA panel member against whom any licensing authority, grievance committee, or administrative body has taken action, or when a finding of probable cause, contempt, sanction, or reprimand has been issued against the panel member by any state or federal court.

   c. Notification

   The federal public defender will be immediately notified when any member of the CJA Panel is removed or suspended.

# X. CJA Panel Attorney Appointment in Non-Capital Cases

A. Appointment List

The federal public defender and the court will maintain a current list of all attorneys included on the CJA Panel, with current office addresses, email addresses, and telephone numbers, as well as a statement of qualifications and experience.

B. Appointment Procedures

1. The federal public defender is responsible for overseeing the appointment of cases to panel attorneys. The federal public defender will maintain a record of panel attorney appointments and,

when appropriate, data reflecting the apportionment of appointments between attorneys from the federal public defender office and panel attorneys.

2.   Appointment of cases to CJA panel members will ordinarily be made on a rotational basis.  In a complex or otherwise difficult case, the court may appoint counsel outside of the normal rotation to ensure the defendant has sufficiently experienced counsel.

3.   Under special circumstances the court may appoint a member of the bar of the court who is not a member of the CJA Panel.  Such special circumstances may include cases in which the court determines that the appointment of a particular attorney is in the interests of justice, judicial economy, or continuity of representation, or for any other compelling reason.  It is not anticipated that special circumstances will arise often, and the procedures set forth in the Plan are presumed to be sufficient in the vast majority of cases in which counsel are to be appointed.

4.   Unless otherwise impracticable, CJA panel attorney(s) must be available to represent defendant(s) at the same stage of the proceedings as is the federal public defender.

## XI.   Duties of CJA Panel Members

A.   Standards and Professional Conduct

1.   CJA panel members must provide high quality representation consistent with the best practices of the legal profession and commensurate with those services rendered when counsel is privately retained.  See *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("'Once a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program.'" (quoting ABA Standards for Criminal Justice section 4-3.9 (2d ed. 1980))).

2.   Attorneys appointed under the CJA must conform to the highest standards of professional conduct, including but not limited to the American Bar Association's Model Rules of Professional Conduct and the Mississippi Rules of Professional Conduct.

3.   CJA panel members must notify within 30 days the chair of the CJA Committee when any licensing authority, grievance committee, or

administrative body has taken action against them, or when a finding of contempt, sanction, or reprimand has been issued against the panel member by any state or federal court.

B.     Training and Continuing Legal Education

1.     Attorneys on the CJA Panel are expected to remain current with developments in federal criminal defense law, practice, and procedure, including the Recommendation for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases.

2.     Attorneys on the CJA Panel are expected to attend trainings sponsored by the federal public defender.

3.     Attorneys on the CJA Panel will be guided in their practice by the Federal Adaptation of the National Legal Aid and Defender Association Performance Guidelines for Criminal Defense Representations.

4.     CJA panel members must attend at least 6 continuing legal education hours relevant to federal criminal practice from August 1 through July 31 of the following year.

5      Failure to comply with these training and legal education requirements may be grounds for removal from the CJA Panel.

C.     Facilities and Technology Requirements

1.     CJA panel attorneys must have facilities, resources, and technological capability to effectively and efficiently manage assigned cases.

2.     CJA panel attorneys must comply with the requirements of electronic filing and eVoucher.

3.     CJA panel attorneys must know and abide by procedures related to requests for  investigative, expert, and other services.

D.     Continuing Representation

Once counsel is appointed under the CJA, counsel will continue the representation until the matter, including appeals (unless provided otherwise by the Fifth Circuit's CJA plan) or review by certiorari, is closed; or until substitute counsel has filed a notice of appearance; or until an

order is entered allowing or requiring the person represented to proceed pro se; or until the appointment is terminated by court order.

E.   Miscellaneous

1.   Case budgeting

In non-capital representations of unusual complexity that are likely to become extraordinary in terms of cost, the court may require development of a case budget consistent with *Guide,* Vol. 7A, Ch. 2, §§ 230.26.10–20.

2.   No receipt of other payment

Appointed counsel may not require, request, or accept any payment or promise of payment or any other valuable consideration for representation under the CJA, unless such payment is approved by order of the court.

3.   Redetermination of need

If at any time after appointment, counsel has reason to believe that a party is financially able to obtain counsel, or make partial payment for counsel, and the source of counsel's information is not protected as a privileged communication, counsel will advise the court.

## XII.  Compensation of CJA Panel Attorneys

A.   Policy of the Court Regarding Compensation

Providing fair compensation to appointed counsel is a critical component of the administration of justice.   CJA panel attorneys must be compensated for time expended in court and time reasonably expended out of court, and reimbursed for expenses reasonably incurred.

B.   Payment Procedures

1.   Claims for compensation must be submitted on the appropriate CJA form through the court's eVoucher system.

2.   Claims for compensation should be submitted no later than 45 days after final disposition of the case, unless good cause is shown.

3. The federal public defender or their designee will review the claim for mathematical and technical accuracy and for conformity with *Guide*, Vol. 7A and, if correct, will forward the claim for consideration and action by the presiding judge.

4. Absent extraordinary circumstances, the court should act on CJA compensation claims within 30 days of submission, and vouchers should not be delayed or reduced for the purpose of diminishing Defender Services program costs in response to adverse financial circumstances.

5. Notwithstanding the procedure described above, the court may, in the first instance, contact appointed counsel to inquire regarding questions or concerns with a claim for compensation. Counsel will be notified of any potential voucher reduction and given the opportunity to provide information or documentation relevant to the voucher and concerns raised by the judge.

## XIII. Investigative, Expert, and Other Services

A. Financial Eligibility

Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request such services in an *ex parte* application to the court as provided in 18 U.S.C. § 3006A(e)(1), regardless of whether counsel is appointed under the CJA. Upon finding that the services are necessary, and that the person is financially unable to obtain them, the court must authorize counsel to obtain the services.

B. Applications

In non-capital cases, requests for authorization of funds for investigative, expert, and other services must be submitted in an *ex parte* application to the court and must not be disclosed except with the consent of the person represented or as required by law or Judicial Conference policy.

C. Compliance

Counsel must comply with Judicial Conference policies set forth in *Guide, Vol. 7A, Ch. 3*.

# XIV. Appointment of Counsel and Case Management in CJA Capital Cases

A.   Applicable Legal Authority

The appointment and compensation of counsel in capital cases and the authorization and payment of persons providing investigative, expert, and other services are governed by 18 U.S.C. §§ 3005, 3006A, and 3599,[2] and *Guide*, Vol. 7A, Ch. 6, and the Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases promulgated by the Judicial Council of the Fifth Circuit.

B.   General Applicability and Appointment of Counsel Requirements

1.   Unless otherwise specified, the provisions set forth in this section apply to all capital proceedings in the federal courts, whether those matters originated in a district court (federal capital trials) or in a state court (habeas proceedings under 28 U.S.C. § 2254). Such matters include those in which the death penalty may be or is being sought by the prosecution, motions for a new trial, direct appeal, applications for a writ of certiorari to the Supreme Court of the United States, all post-conviction proceedings under 28 U.S.C. §§ 2254 or 2255 seeking to vacate or set aside a death sentence, applications for stays of execution, competency proceedings, proceedings for executive or other clemency, and other appropriate motions and proceedings.

2.   Any person charged with a crime that may be punishable by death who is or becomes financially unable to obtain representation is entitled to the assistance of appointed counsel throughout every stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals,

---

[2] As to investigative, expert, and other services, Section 3599(f) provides:

Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g). No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction processes, together with applications for stays of execution and other appropriate motions and procedures, competency proceedings, and proceedings for executive or other clemency as may be available to the defendant. See 18 U.S.C. § 3599(e).

3.      Qualified counsel must be appointed in capital cases at the earliest possible opportunity.

4.      Given the complex and demanding nature of capital cases, where appropriate, the court will utilize the expert services available through the Administrative Office of the United States Courts (AO), Defender Services Death Penalty Resource Counsel projects ("Resource Counsel projects") which include: (1) Federal Death Penalty Resource Counsel and Capital Resource Counsel Projects (for federal capital trials), (2) Federal Capital Appellate Resource Counsel Project, (3) Federal Capital Habeas § 2255 Project, and (4) National and Regional Habeas Assistance and Training Counsel Projects (§ 2254).  These counsel are death penalty experts who may be relied upon by the court for assistance with selection and appointment of counsel, case budgeting, and legal, practical, and other matters arising in federal capital cases.

5.      The federal public defender should promptly notify and consult with the appropriate Resource Counsel projects about potential and actual federal capital trial, appellate, and habeas corpus cases, and consider their recommendations for appointment of counsel.

6.      The presiding judge may appoint an attorney furnished by a state or local public defender organization or legal aid agency or other private, non-profit organization to represent a person charged with a capital crime or seeking federal death penalty habeas corpus relief provided that the attorney is fully qualified. Such appointments may be in place of, or in addition to, the appointment of a federal defender organization or a CJA panel attorney or an attorney appointed pro hac vice.  See 18 U.S.C. § 3006A(a)(3).

7.      All attorneys appointed in federal capital cases must be well qualified, by virtue of their training, commitment, and distinguished prior capital defense experience at the relevant stage of the proceeding, to serve as counsel in this highly specialized and demanding litigation.

8.    All attorneys appointed in federal capital cases must have sufficient time and resources to devote to the representation, taking into account their current caseloads and the extraordinary demands of federal capital cases.

9.    All attorneys appointed in federal capital cases should comply with the American Bar Association's 2003 Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (Guidelines 1.1 and 10.2 et seq.), and the 2008 Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases.

10.   All attorneys appointed in federal capital cases should consult regularly with the appropriate Resource Counsel projects.

11.   Questions about the appointment and compensation of counsel and the authorization and payment of investigative, expert, and other service providers in federal capital cases should be directed to the Fifth Circuit CJA Case Budgeting Attorney and Administrative Attorney at 504-310-7799; and the AO Defender Services Office, Legal and Policy Division Duty Attorney at 202-502-3030 or via email at ods_lpb@ao.uscourts.gov.

C.    Appointment of Trial Counsel in Federal Death-Eligible Cases[3]

1.    General Requirements

a.    Appointment of qualified capital trial counsel must occur no later than when a defendant is charged with a federal criminal offense where the penalty of death is possible. See 18 U.S.C. § 3005.

b.    To protect the rights of an individual who, although uncharged, is the subject of an investigation in a federal death-eligible case, the court may appoint capitally-qualified

_____

[3] The Judicial Conference adopted detailed recommendations on the appointment and compensation of counsel in federal death penalty cases in 1998 (JCUS-SEP 98, p. 22). In September 2010, the Defender Services Committee endorsed revised commentary to the Judicial Conference's 1998 recommendations. *CJA Guidelines, Vol. 7A, Appx. 6A (Recommendations and Commentary Concerning the Cost and Quality of Defense Representation (Updated Spencer Report, September 2010)) ("Appx. 6A")* is available on the judiciary's website.

counsel upon request, consistent with Sections C.1, 2, and 3 of these provisions.

c.    At the outset of every capital case, the court must appoint two attorneys, at least one of whom meets the qualifications for "learned counsel" as described below.  If necessary for adequate representation, more than two attorneys may be appointed to represent a defendant in a capital case. See 18 U.S.C. § 3005.

d.    When appointing counsel, the judge must consider the recommendation of the federal public defender, who will consult with Federal Death Penalty Resource Counsel to recommend qualified counsel.  See 18 U.S.C. § 3005.

e.    To effectuate the intent of 18 U.S.C. § 3005 that the federal public defender's recommendation be provided to the court, the judge should ensure the federal public defender has been notified of the need to appoint capitally-qualified counsel.

f.    Reliance on a list for appointment of capital counsel is not recommended because selection of trial counsel should account for the particular needs of the case and the defendant, and be based on individualized recommendations from the federal public defender in conjunction with the Federal Death Penalty Resource Counsel and Capital Resource Counsel projects.

g.    Out-of-district counsel, including federal defender organization staff, who possess the requisite expertise may be considered for appointment in capital trials to achieve high quality representation together with cost and other efficiencies.

h.    In evaluating the qualifications of proposed trial counsel, consideration should be given to their commitment to the defense of capital cases, their current caseload including other capital cases, and their willingness to effectively represent the interests of the client.

2.    Qualifications of Learned Counsel

a. Learned counsel must either be a member of this district's bar or be eligible for admission *pro hac vice* based on his or her qualifications. Appointment of counsel from outside the jurisdiction is common in federal capital cases to achieve cost and other efficiencies together with high quality representation.

b. Learned counsel must meet the minimum experience standards set forth in 18 U.S.C. §§ 3005 and 3599.

c. Learned counsel should have distinguished prior experience in the trial, appeal, or post-conviction review of federal death penalty cases, or distinguished prior experience in state death penalty trials, appeals, or post-conviction review that, in combination with co-counsel, will assure high quality representation.

d. "Distinguished prior experience" contemplates excellence, not simply prior experience. Counsel with distinguished prior experience should be appointed even if meeting this standard requires appointing counsel from outside the district where the matter arises.

e. The suitability of learned counsel should be assessed with respect to the particular demands of the case, the stage of the litigation, and the defendant.

f. Learned counsel must be willing and able to adjust other caseload demands to accommodate the extraordinary time required by the capital representation.

g. Learned counsel should satisfy the qualification standards endorsed by bar associations and other legal organizations regarding the quality of representation in capital cases.

3. Qualifications of Second and Additional Counsel

a. Second and additional counsel may, but are not required to, satisfy the qualifications for learned counsel, as set forth above.

b. Second and additional counsel must be well qualified, by virtue of their distinguished prior criminal defense experience, training and commitment, to serve as counsel in this highly specialized and demanding litigation.

c. Second and additional counsel must be willing and able to adjust other caseload demands to accommodate the extraordinary time required by the capital representation.

d. The suitability of second and additional counsel should be assessed with respect to the demands of the individual case, the stage of the litigation, and the defendant.

D. Appointment and Qualifications of Direct Appeal Counsel in Federal Death Penalty Cases

1. When appointing appellate counsel, the judge must consider the recommendation of the federal public defender, who will consult with Federal Capital Appellate Resource Counsel to recommend qualified counsel.

2. Counsel appointed to represent a death-sentenced federal appellant should include at least one attorney who did not represent the appellant at trial.

3. Each trial counsel who withdraws should be replaced with similarly qualified counsel to represent the defendant on appeal.

4. Out-of-district counsel, including federal defender organization staff, who possess the requisite expertise may be considered for appointment in capital appeals to achieve high quality representation together with cost and other efficiencies.

5. Appellate counsel, between them, should have distinguished prior experience in federal criminal appeals and capital appeals.

6. At least one of the attorneys appointed as appellate counsel must have the requisite background, knowledge, and experience required by 18 U.S.C.§ 3599(c) or (d).

7. In evaluating the qualifications of proposed appellate counsel, consideration should be given to the qualification standards endorsed by bar associations and other legal organizations regarding the quality of legal representation in capital cases.

8. In evaluating the qualifications of proposed appellate counsel, consideration should be given to their commitment to the defense of capital cases, their current caseload including other capital cases, and their willingness to effectively represent the interests of the client.

E.  Appointment and Qualifications of Post-Conviction Counsel in Federal Death Penalty Cases (28 U.S.C. § 2255)

1.  A financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2255 is entitled to appointment of fully qualified counsel. See 18 U.S.C. § 3599(a)(2).

2.  Due to the complex, demanding, and protracted nature of death penalty proceedings, the court should consider appointing at least two attorneys.

3.  In light of the accelerated timeline applicable to capital § 2255 proceedings, prompt appointment of counsel is essential. Wherever possible, appointment should take place prior to the denial of certiorari on direct appeal by the United States Supreme Court.

4.  When appointing counsel in a capital § 2255 matter, the court should consider the recommendation of the federal public defender, who will consult with the Federal Capital Habeas § 2255 Project.

5.  Out-of-district counsel, including federal defender organization staff, who possess the requisite expertise may be considered for appointment in capital § 2255 cases to achieve high quality representation together with cost and other efficiencies.

6.  Counsel in § 2255 cases should have distinguished prior experience in the area of federal post-conviction proceedings and in capital post-conviction proceedings.

7.  When possible, post-conviction counsel should have distinguished prior experience in capital § 2255 representations.

8.  In evaluating the qualifications of proposed post-conviction counsel, consideration should be given to the qualification standards endorsed by bar associations and other legal organizations regarding the quality of legal representation in capital cases.

9.  In evaluating the qualifications of proposed post-conviction § 2255 counsel, consideration should be given to their commitment to the defense of capital cases, their current caseload including other capital cases, and their willingness to effectively represent the interests of the client.

F.  Appointment and Qualifications of Counsel in Federal Capital Habeas Corpus Proceedings (28 U.S.C. § 2254)

1.  A financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 is entitled to the appointment of qualified counsel. See 18 U.S.C. § 3599(a)(2).

2.  Due to the complex, demanding, and protracted nature of death penalty proceedings, the court should consider appointing at least two attorneys.

3.  When appointing counsel in a capital § 2254 matter, the appointing authority should consider the recommendation of the federal public defender who will consult with the National or Regional Habeas Assistance and Training Counsel projects.

4.  Out-of-district counsel, including federal defender organization staff, who possess the requisite expertise may be considered for appointment in capital § 2254 cases to achieve cost and other efficiencies together with high quality representation.

5.  In order for federal counsel to avail themselves of the full statute of limitations period to prepare a petition, the court should appoint counsel and provide appropriate litigation resources at the earliest possible time permissible by law.

6.  Unless precluded by a conflict of interest, or replaced by similarly qualified counsel upon motion by the attorney or motion by the defendant, capital § 2254 counsel must represent the defendant throughout every subsequent stage of available judicial proceedings and all available post-conviction processes, together with applications for stays of execution and other appropriate motions and procedures, and must also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant. See 18 U.S.C. § 3599(e).

7.  Counsel in capital § 2254 cases should have distinguished prior experience in the area of federal post-conviction proceedings and in capital post-conviction proceedings.

8.  When possible, capital § 2254 counsel should have distinguished prior experience in capital § 2254 representations.

9. In evaluating the qualifications of proposed capital § 2254 counsel, consideration should be given to the qualification standards endorsed by bar associations and other legal organizations regarding the quality of legal representation in capital cases.

10. In evaluating the qualifications of proposed capital § 2254 counsel, consideration should be given to proposed counsel's commitment to the defense of capital cases, their current caseload including other capital cases, and their willingness to represent effectively the interests of the client.

## XV.  Effective Date

This Plan will become effective when approved by the Judicial Council of the Fifth Circuit.

ENTER FOR THE COURT ON _____DECEMBER 12_____, 2018.

_Sharion Aycock_____
CHIEF JUDGE, DISTRICT COURT


APPROVED BY THE JUDICIAL COUNCIL OF THE FIFTH CIRCUIT ON (month) (day), (year).


_____
CHIEF JUDGE, COURT OF APPEALS